## WILLIAM DICKEY v. DANIEL K. ALLEN.

The allegations of an answer not responsive to the charges in the complainant's bill, must be sustained by proof. The answer can be of no avail without it.

Where the bill alleges the existence of a partnership, and prays an account of the partnership transactions; an allegation in the answer, that by an agreement between the partners, on the dissolution of the partnership, the complainant was to pay all the debts of the firm, is new and independent matter, not responsive to the charges in the bill.

The circumstances, that the complainant, on the dissolution of the firm, continued the business on his own account; that he sold out the stock on hand at the dissolution, in the course of this business; that the complainant, after the dissolution, said that the store belonged to him; and that, from the manner of the sale of the stock on hand, it was manifest he never could account; are not sufficient to establish the agreement, or to sustain the allegation of the answer.

The allegation, that one partner agreed to pay all the debts of the firm, should be clearly established.

THE bill charges, that the complainant and defendant, by verbal agreement, became partners in trade, on the 20th of April, 1821, and continued partners until the 5th of April, 1824, when the partnership was dissolved by mutual consent. That each partner had an equal interest in the concern, each advancing the same amount of capital; being equally liable for all losses, and entitled to an equal share of the profits. That since the dissolution, Allen had received a large amount of money due to the firm, and that considerable sums of money were still due from the partnership. That an action had been commenced in the supreme court of New-Jersey, by Allen against Dickey, for five thousand dollars, for the recovery of several promissory notes,

[Dickey v. Allen.]

which were connected with and formed a part of the partnership transactions: that no settlement had been made of the partnership transactions; and that the defendant was indebted to the complainant, upon the partnership account. The bill prays an account, and an injunction to restrain proceedings at law.

The answer admits the partnership and the dissolution, as charged in the bill; but insists, that upon the dissolution, it was agreed between them, that Allen, the defendant, should retire from the firm; that Dickey should take all the stock and property of the firm, collect all monies due to the partnership, and pay all the partnership debts: that in pursuance of the agreement, Dickey had taken possession of all the partnership property, and had collected large sums of money due to the firm. The answer further insists, that the notes, for the recovery of which an action at law had been commenced, were justly due from Dickey to Allen; and that nothing was due to the complainant upon the partnership account. Admits that no settlement had taken place of the partnership accounts; but insists that the agreement made between the partners, at the dissolution of the copartnership, was a sufficient and final settlement of all the partnership transactions.

An injunction to stay the proceedings at law, had issued upon the filing of the bill, which remained in force at the hearing. Depositions had been taken by both parties, and the cause came before the court upon bill, answer, replication and proofs.

*P. Dickerson*, for complainant.

*A. Whitehead* and *I. H. Williamson*, for defendant.

The Chancellor. The complainant in this case, seeks to have a settlement of a partnership, existing, as he alleges, by a verbal agreement between him and the defendant, in a store at Paterson, from April, 1821, to April, 1824—a period of about three years. As connected with this partnership, there are sundry notes, given by the complainant to the defendant, amounting

to a very considerable sum of money, and now in a train of prosecution; which suit the complainant has obtained an injunction to stay the proceedings in. These notes, it is alleged, were given on account of the partnership, and ought not to be prosecuted until the partnership accounts are settled, and it is ascertained upon the foot of that account how much, if any thing, is due and owing by the complainant to the defendant.

The defendant's answer admits the existence of the partnership, but denies that he is bound to account, on the ground that, at the dissolution of the firm, it was agreed between the complainant and defendant, that the defendant should retire from the firm; that the complainant should take the stock on hand, receive all the debts due to the company, and pay all the debts due by the company. In short, that the defendant was to be absolved from any further liability, as between him and the complainant, for or on account of the said firm.

If this statement be made out in such form as this court can say it is true, it must be conclusive on the case; for under such a bargain, there can be no reason for the complainant's calling on the defendant to account, since he took upon himself the whole responsibility of settling the business of the company, without any recourse to his copartner. But this allegation, though expressly and fully made by the answer, is not sustained by any positive proof in the cause. Indeed, there is no direct evidence either way on this subject. What, then, must be the effect of the defendant's answer? If this be matter responsive to the charges in the bill, the defendant, in the absence of any contradictory evidence, will have the full benefit of such answer: if it be not responsive, he must sustain that part of his case by proof, and the answer can be of no avail without it. I am clearly of opinion that this part of the answer is no way responsive to the bill. The bill charges the existence of the partnership, the accounts of which are unsettled. To have denied the partnership would have been a response to the bill; but that is admitted, and new and independent matter, about which no charge is made in the bill, to wit, that the complainant promised to pay all the

[Dickey v. Allen.]

debts himself, at the dissolution of the firm, is set up as a reason why the defendant is not bound to account. This is the same as if the defendant had been charged with making his bond and mortgage to the complainant, and he should by way of answer, allege that he had paid it. This would show a good reason why no account should be had in respect to that debt, but he must sustain that part of the case by proof. The answer, therefore, however true it may be in point of fact, cannot sustain this defence without proof.

I have said already, that this part of the case was not sustained by any positive or direct proof; but it is contended, that there are facts and circumstances incidentally appearing in the case, which prove that the complainant did make the agreement set out in the answer. The principal facts relied on, are, that at the dissolution, the complainant continued the business on his own account: that he sold out the stock on hand in the course of this business: that complainant stated to the clerk, Abraham Ryerson, after the dissolution, that the store belonged to him; and that, from the manner of the sale of the stock on hand, it was manifest he never could account. These and other circumstances of the like character, are relied on. But they come very far short of establishing so important a matter, as that one partner stipulated to pay all the debts of the firm. A matter of as grave consequence as this, should not be made out upon mere conjecture, founded on certain occurrences of this character, but should be clearly established. On the other hand, it was said with much force, is it not strange, if such was the contract, so important in its character, closing the whole business as between the parties, that there is no writing to show it—not even the clerk or a single witness to prove it? It is stated in the evidence of Mr. Ryerson, the clerk, that the business was conducted in a loose way. It did not appear to have been a very heavy concern for these parties, and nothing would be more uncertain than to draw any very important inferences from the manner in which men conducted their business, who seem to have gone into the firm without any agreement in writing, and to have closed with-

put any evidence of the terms or manner in which the same was finally adjusted.

I am, therefore, well satisfied that that part of the defendant's answer, that says the complainant bound himself to settle up the partnership debts without recourse to the defendant, is not sustained by any proof on which the court can with propriety rest its judgment.

But it is further contended by the defendant, that if an account must be taken of the partnership, the notes on which he has brought his suit ought not to be brought into that account. It is manifest from the answer, that most of the money for which those notes were given, went to pay the debts of this firm. The parties differ mainly in this. The complainant says, the notes, or some of them, were given as memoranda, showing how much the defendant had advanced for the firm; while the defendant contends, that being still liable to the creditors of the firm, he lent the money to the complainant to pay the debts with, and took his notes for the amount. The statements are very different, yet they show that the notes relate to the debts of the firm.

Upon the whole, I shall order an account to be taken of the partnership, according to the prayer of the bill; with leave to examine into and report how far the notes stated in the bill were connected with the partnership, and should be taken into the account in such settlement.

Order accordingly.